F. R. Pound, doing business as The Mayo Free Press, v. J. M. Lee, as Comptroller.

154 So. 689.
En Banc.
Opinion Filed May 4, 1934.
Alternative. Writ of Mandamus Vacated by the Court,
May 27, 1934.

Per Curiam.—Relator, the owner and publisher of a newspaper, duly designated under Section 2263, C. G. L., 1500 R. G. S., seeks to require the respondent Comptroller to draw his warrant upon the Treasury of the State of Florida for the payment to him of the sum of $300.00 for publishing the Acts of a general and permanent nature passed by the Legislature of the State of Florida at the regular and two extraordinary sessions of 1931.

Section 2262, C. G. L., 1899 R. G. S., provides that within sixty days from the adjournment of each session of the Legislature the Secretary of State shall furnish to the clerks of the boards of county commissioners of the several counties of this State certified copies of the Acts of the Legislature which are of a general and permanent nature. Section 2264, C. G. L., 1501 R. G. S., provides that the Acts shall be published as certified by the Secretary of State and that the publisher of the paper designated for that purpose by the board of county commissioners shall receive as compensation for the said publication the sum of $100.00, which amount shall be paid by the Comptroller on receipt

of affidavit of publication showing that the publisher of the newspaper has mailed one copy of the issue containing said laws to each registered voter in the county. Under Section 2265, C. G. L., 1502 R. G. S., payment for the publication so provided for shall be made from any money in the State Treasury not otherwise appropriated.

Section 2262, C. G. L., 1499 R. G. S., to 2265 C. G. L., 1502 R. G. S., inclusive, were enacted to carry out the mandate, spirit and purpose of Section 6 of Article XVI of the Constitution which provides that: "The Legislature shall provide for the speedy publication and distribution of all laws that it may enact." Section 18 of Article III of the Constitution having provided that no law shall take effect until sixty days from the final adjournment of the session of the Legislature at which it may have been enacted, unless otherwise specially provided in such law, it is evident that it was the purpose of the foregoing statutes to which reference has been made to require advance publication of all laws of a general and permanent nature in order that the people might be informed of such laws in advance of their becoming effective.

The alternative writ of mandamus in this case alleges every fact that is essential to entitle relator to a peremptory writ under the statute, unless defeated by the fact that the Secretary of State certified at one and the same time to the clerk of the board of county commissioners all the laws of a general and permanent nature that were passed by the Legislature during the three legislative sessions of 1931. These three legislative sessions were held during one continuous period of one hundred days, beginning with the first day of the regular session of 1931. As a result of this the Secretary of State was enabled to certify, and did certify, during the sixty-day period immediately following the ad-

journment of the 1931 regular session all of the laws of a general and permanent nature that had been passed at each of the three legislative sessions in question, that is to say, that had been passed at the regular session as well as the two extraordinary sessions of 1931.

It is contended by the respondent Comptroller of the State in support of his motion to quash the alternative writ, that because the relator has had certified to him for publication at one and the same time in one and the same issue of his newspaper all the general and permanent laws of three consecutive and continuous sessions of the Legislature and that because he was able to publish and did publish all of these laws at one and the same time and in one issue of his paper, which one issue only has been mailed to each registered voter, and in support of which one affidavit of publication alone is made by the publisher, that the owner or publisher of the newspaper is only entitled to the single sum of $100.00 for the three publications combined, and that he is not entitled to the aggregate sum of $300.00, computed on the basis of $100.00 for the laws of each separate session published.

Our conclusion is that Section 2264, C. G. L., 1501 R. G. S., contemplates that the publisher of the newspaper designated by the board of county commissioners to publish the general laws of *each* session of the Legislature shall receive as his compensation for the publication the sum of $100.00 for *each* session's laws published by him, and that where the publisher has been called upon to publish, and has in fact published, the general and permanent laws of three separate and different sessions of the Legislature, however close together they may have been held, whether continuous, consecutive or otherwise, that such publisher is entitled to be paid the sum of $100.00 for *each* session's laws. Where

there are three sessions he is entitled to be paid for each of the three sessions at the rate of $100.00 per session or $300.00 for the three sessions whose general and permanent laws have been duly published as provided by the statute.

Motion to quash alternative writ is therefore denied.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.